IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                              Civ. No. 98-757     JP/DJS

RAYMOND N. SPENCE, LILA M. SPENCE,
GARY WAYNE SPENCE, VICKI L. SPENCE,
FIRST NATIONWIDE MORTGAGE CORPORATION,
STATE OF NEW MEXICO DEPARTMENT OF
TAXATION AND REVENUE,

    Defendants.

RAYMOND N. SPENCE, LILA M. SPENCE,
GARY WAYNE SPENCE, VICKI L. SPENCE,

    Counter-claimants & Cross-claimants,

vs.

UNITED STATES OF AMERICA,

    Counter-defendant. and

STATE OF NEW MEXICO DEPARTMENT OF
TAXATION AND REVENUE,

    Cross-defendant.

                                                                                   **CONSOLIDATED WITH**

UNIVERSAL CHURCH OF TAURUS TRUST,

    Plaintiff,

vs.                                                                                           Civ. No. 01-972     JP/LFG

UNITED STATES OF AMERICA,
the STATE OF NEW MEXICO,

| GROUP ONE: | RAYMOND N. SPENCE and LILA M. SPENCE |
|---|---|
| GROUP TWO: | GARY WAYNE SPENCE, VICKI L. SPENCE, and FIRST NATIONWIDE MORTGAGE CORPORATION |
| GROUP THREE: | UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO PLAINTIFF, |

Defendants.

# MEMORANDUM OPINION AND ORDER

On September 21, 2001, the United States filed a motion to dismiss (Doc. No. 102) Plaintiff's complaint in Civ. No. 01-972, a case that the Court consolidated with the closely related case Civ. No. 98-757 (Doc. No. 100) after removal from state court. Plaintiff's complaint, filed in state court, seeks to quiet title to three parcels of real estate, and asserts that Plaintiff, the Universal Church of Taurus Trust, is the true owner of the real estate in question. The real estate was the subject of extensive litigation in Civ. No. 98-757, United States District Court for the District of New Mexico, wherein the Court determined that "Raymond N. Spence and Lila M. Spence are the true, actual, sole, and equitable owners of the three subject real properties . . . ." Doc. No. 75 at 4.

The United States argues that because the question of who owned the real estate was determined by the Court in Civ. No. 98-757, the Universal Church of Taurus Trust is precluded by the doctrine of estoppel from re-litigating the issue of ownership. The Court notes that the defense of estoppel "should usually be pleaded. But where all the relevant facts are, as here,

shown by the court's own records, of which it takes notice, there appears no good reason why an answer should be first required." *W.E. Hedger Trans. Corp. v. Ira S. Bushey & Sons, Inc.*, 186 F.2d 236, 237 (2d Cir. 1951) (internal citation omitted). Of course, the Court may, and in this case does, take judicial notice of the entire record in Civ. No. 98-757 in reaching its decision. *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979) ("The doctrine of judicial notice has been utilized, sua sponte, when the defending party's motion . . . is predicated on affirmative defenses such as res judicata or collateral estoppel). In such cases, the defense of res judicata may be asserted through a motion to dismiss. *Thislethwaite v. City of New York*, 362 F.Supp. 88, 91 (S.D.N.Y. 1973), aff'd, 497 F.2d 339 (2d Cir. 1974).

In Civ. No. 98-757, the Court traced the ownership of the three tracts of real estate to Raymond N. Spence and Lila M. Spence. The Court determined that Raymond N. Spence and Lila M. Spence transferred title to the properties to sham church entities that were the Spences' alter egos. Doc. No. 64 at 12, Conclusion of Law # 4. The sham church entities were not formed for the purpose of "conducting religious services, but instead [were formed] for the sole and exclusive purpose of evading or attempting to evade income tax liabilities." Id. at Conclusions of Law ## 5, 20-22.

The Universal Church of Taurus Trust argues that the Court's ruling in Civ. No. 98-757 has no binding effect on its effort to quiet title because it was not joined as a defendant. Pl.'s Mem. Br. in Reply at 4. However, just as the United States "did not have to name the Universal Church of Taurus as a necessary and indispensable party" in Civ. No. 98-757, *see* Doc. No. 64 at 12, Conclusion of Law #4, the United States did not have to join the Universal Church of Taurus Trust either. The Supreme Court has addressed the application of the preclusion doctrine to

3

parties whose identity differs in form only, and held "the subject-matter and the issue to be tried being the same in this proceeding as in the former actions, the losing party on the former trials ought not to be permitted to renew the controversy in the name of a merely nominal plaintiff, and thereby avoid the effect of the former adjudications." *Chicago, R. I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 619 (1926). "Identity of parties is not a mere matter of form, but of substance." 270 U.S. at 620.

The Court has already declared the sham church entities involved here to be alter egos of Raymond N. Spence and Lila M. Spence, and held that the purpose of such entities was to evade or attempt to evade income taxes. The Court now holds that the Universal Church of Taurus Trust is no different in substance from the Universal Church of Taurus; the "Trust" is yet another alter ego of Raymond N. Spence and Lila M. Spence whose illicit purpose already has been determined. *Id.* ("[P]arties nominally different may be, in legal effect, the same."). Therefore, the Universal Church of Taurus Trust is precluded by the judgment in Civ. No. 98-757 from re-litigating the issue of ownership of the real estate here.

The Court also notes that the name Universal Church of Taurus Trust never appears in the chain of title to the parcels of real estate in question. Given that fact, the Court agrees with the position taken by the United States that if "the churches in the deed record are one and the same as the [Universal Church of Taurus Trust], then their interests expired when the properties were transferred to Gary Spence. If the [Universal Church of Taurus Trust] is separate and distinct from the three churches in the deed record as argued by [counsel] in his pleadings, then the plaintiff never had a recorded ownership interest." Def.'s Reply Br. at 3. The Court holds that the Universal Church of Taurus Trust's claim of ownership is entirely without merit. The sole

4

purpose of Plaintiff's proceeding to quiet title was to disrupt the sale of the properties by the United States Marshall, and to prevent the United States from satisfying its tax liens against Raymond N. Spence and Lila M. Spence.

IT IS THEREFORE ORDERED that the United State's motion to dismiss (Doc. No. 102) is GRANTED.

_____
CHIEF UNITED STATES DISTRICT JUDGE